IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| FREDDIE CAGLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| WESCO INSURANCE COMPANY, | ) | CIVIL ACTION |
| KING'S WAY USA TRANSPORT, | ) | FILE NO. |
| INC., FIRST TIME TRANSPORT, | ) | _____ |
| INC. and ISIDRO ALEX LOBAINA | ) | |
| LOYOLA | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

Plaintiff Freddie Cagle brings tort claims against nonresident defendants for injuries arising from a wreck involving a tractor truck and trailer. Defendant King's Way USA Transport, Inc. ("*King's Way*") owned the tractor truck and trailer[1] which Defendant Isidro Alex Lobaina Loyola ("*Loyola*") was driving at the time of the wreck, under a DOT number belonging to Defendant First Time Transport, Inc. ("*First Time*"). Plaintiff asserts independent tort claims against these three defendants, as well as claims of vicarious liability arising from these

---

[1] Throughout this complaint, Plaintiff refers to the tractor truck as *King's Way Tractor Truck*, the trailer as *King's Way Trailer*, and both collectively as *King's Way Tractor Truck and Trailer*.

three defendants' relationships with each other. Plaintiff anticipates further developing facts revealing the nature of the relationships among defendants *King's Way, First Time* and *Loyola* in discovery. As a result, Plaintiff has pled alternative facts and claims. Defendant Wesco Insurance Company ("*Wesco*") insured Defendant *First Time* at the time of the wreck. Plaintiff brings claims against Defendant *Wesco* under Georgia's direct action statutes.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a natural person who is domiciled in Franklin County, Georgia.

2. Plaintiff is a Georgia citizen.

3. Defendant *Wesco* is a foreign insurance company registered with the Georgia Office of Insurance and Safety Fire Commissioner. Defendant *Wesco* is incorporated or otherwise organized as a business entity in New Mexico and has its principal place of business in New York.

4. Defendant *Wesco* has made filings with the Georgia Office of Insurance and Safety Fire Commissioner stating that its registered agent for service of process is Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

5. Defendant *Wesco* is a citizen of New Mexico and New York.

6. Defendant *Wesco's* registered agent for service of process is in Gwinnett

County, Georgia.

7. Defendant *Wesco* transacts business throughout Georgia including counties located within the Gainesville Division of the Northern District of Georgia.

8. Defendant *King's Way* is incorporated or otherwise organized as a business entity in Florida and has its principal place of business in Florida.

9. Defendant *King's Way* has made filings with the Florida Secretary of State's Office stating that its registered agent for service of process is Isabel Cordero, 7635 Abbott Avenue, Apartment 8, Miami Beach, Florida 33141.

10. Defendant *King's Way* is a nonresident of Georgia who may be served under Georgia's Nonresident Motorist Act, O.C.G.A. § 40-12-1 and O.C.G.A. § 40-1-117.

11. Defendant *First Time* was incorporated or otherwise organized as a business entity in Florida and had its principal place of business in Florida. Defendant *First Time* was administratively dissolved on September 25, 2020.

12. Defendant *First Time* made filings with the Florida Secretary of State's

Office stating that its registered agent for service of process was Osiel Tellez, 21346 SW 112th Avenue, Apartment 303, Cutler Bay, Florida 33189.

13. Defendant *First Time* is a citizen of Florida.

14. Defendant *First Time* is a nonresident of Georgia who may be served under Georgia's Nonresident Motorist Act, O.C.G.A. § 40-12-1 and O.C.G.A. § 40-1-117.

15. Defendant *Loyola* is a natural person who is domiciled in Florida at 9220 SW 18 Terrace, Miami, Florida 33165.

16. Defendant *Loyola* is a nonresident of the state of Georgia who may be served under Georgia's Nonresident Motorist Act, O.C.G.A. § 40-12-1 *et seq.*

17. The amount in controversy exceeds $75,000.

18. This Court has diversity jurisdiction of this case under 28 U.S.C. § 1332.

19. Plaintiff resides in this district and this division.

20. A substantial part of the events or omissions giving rise to the claims asserted in this action occurred in Jackson County, Georgia.

21. Venue is proper in this district and in this division.

## **GENERAL FACTS**

22. The provisions of 49 CFR §§ 301–399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and to Defendant *King's Way*, Defendant *First Time* and Defendant *Loyola*.

23. The FMCSR set forth the minimum industry standards and requirements for those with DOT authority.

24. Defendants *King's Way, First Time* and *Loyola* were subject to the FMCSR on July 16, 2019 and at all relevant times prior to that date, either directly or as adopted by Georgia Department of Public Safety under GA ADC 515-16-4-.01.

25. Defendant *King's Way* is a motor carrier as defined by the FMCSR § 390.5.

26. Defendant *King's Wa*y is a lessor of commercial motor vehicles as defined by FMCSR § 376.2.

27. On July 16, 2019, Defendant *First Time* was a motor carrier as defined by FMCSR § 390.5, registered with the U.S. Department of Transportation under DOT number 3180047.

28. Defendants *King's Way* and *First Time* are interstate commercial motor

carriers based out of Florida.

29. Under the FMCSR, motor carriers have a duty to hire qualified drivers.

30. Under the FMCSR, motor carriers have a duty to supervise their drivers.

31. Under the FMCSR, motor carriers have a duty to train their drivers.

32. Tractor trailer drivers regularly drive loads weighing as much as 80,000 pounds.

### Defendant *King's Way* as Employer of Defendant *Loyola*

33. On July 16, 2019, Defendant *King's Way* was the owner of the white 2014 Freightliner tractor truck with the VIN number 1FUJGLBG6ELFW5091 ("*King's Way Tractor Truck*"), a commercial motor vehicle.

34. On July 16, 2019, Defendant *King's Way* was the owner of the trailer with the VIN number 1GRAA06247J618958 ("*King's Way Trailer*"), a commercial motor vehicle.

35. On July 16, 2019, Defendant *Loyola* was an employee as defined by FMCSR § 390.5 of Defendant *King's Way* driving *King's Way Tractor Truck and Trailer*.

36. On July 16, 2019, Defendant *Loyola* was operating *King's Way Tractor Truck and Trailer* transporting property in interstate commerce based on

a bill of lading.

### Defendant *King's Way* as Employer of Defendant *First Time*

37. On July 16, 2019, Defendant *King's Way* was the employer, as defined by FMCSR § 390.5, of Defendant *First Time*.

38. On July 16, 2019, Defendant *First Time* was the employer, as defined by FMCSR § 390.5, of Defendant *Loyola*.

39. On July 16, 2019, Defendant *Loyola* was an employee, as defined by FMCSR § 390.5, of Defendant *First Time*.

40. On July 16, 2019, Defendant *First Time* was operating *King's Way Tractor Truck and Trailer*, transporting property in interstate commerce based on a bill of lading.

### Defendant *King's Way* as Lessor to Defendant *First Time*

41. On or before July 16, 2019, as defined by FMCSR §§ 376 *et seq.*, Defendant *King's Way* leased *King's Way Tractor Truck and Trailer*, commercial motor vehicles, to Defendant *First Time*.

### Defendant *King's Way* Entrusted to Defendant *Loyola*

42. On or before July 16, 2019, Defendant *King's Way* entrusted *King's Way Tractor Truck,* a commercial motor vehicle, to Defendant *Loyola*.

43. On or before July 16, 2019, Defendant *King's Way* entrusted *King's Way*

*Trailer,* a commercial motor vehicle, to Defendant *Loyola.*

### Defendant *King's Way* Entrusted to Defendant *First Time*

44. On or before July 16, 2019, Defendant *King's Way* entrusted *King's Way Tractor Truck,* a commercial motor vehicle, to Defendant *First Time.*

45. On or before July 16, 2019, Defendant *King's Way* entrusted *King's Way Trailer,* a commercial motor vehicle, to Defendant *First Time.*

### Defendant *First Time* Entrusted to Defendant *Loyola*

46. On or before July 16, 2019, Defendant *First Time* entrusted *King's Way Tractor Truck,* a commercial motor vehicle, to Defendant *Loyola.*

47. On or before July 16, 2019, Defendant *First Time* entrusted *King's Way Trailer,* a commercial motor vehicle, to Defendant *Loyola.*

## CRASH FACTS

48. On July 16, 2019, Plaintiff Freddie Cagle, a member of the public, was the driver of a red 2008 Dodge Caravan ("*Red Van*"), traveling south on Interstate 85 in Jackson County, Georgia.

49. On July 16, 2019, Defendant *Loyola* was driving *King's Way Tractor Truck and Trailer* in interstate commerce as he traveled south on Interstate 85 in Jackson County, Georgia, behind the *Red Van.*

50. On July 16, 2019, as Defendant *Loyola* was driving *King's Way Tractor*

Page 8

*Truck and Trailer* south on Interstate 85, traffic began to slow in front of him due to road construction ahead.

51. On July 16, 2019, as traffic slowed in front of Defendant *Loyola*, Defendant *Loyola* did not slow down.

52. On July 16, 2019, Defendant *Loyola* crashed into the rear of a slowed vehicle located in the right lane of Interstate 85 south, within feet of the *Red Van,* pushing *King's Way Tractor Truck and Trailer* toward the *Red Van* traveling in the left lane.

53. On July 16, 2019, Plaintiff, acting as a reasonably prudent driver trying to avoid a crash, veered the *Red Van* to the left, off the roadway, and into the grassy median ("*the Wreck*").

54. The *Wreck* proximately caused Plaintiff to suffer injuries and experience pain and suffering.

55. Through October 29, 2020, Plaintiff has incurred reasonable and necessary medical expenses of **$366,345.06**, as reflected on the attached Exhibit A. Plaintiff continues to incur additional reasonable and necessary medical expenses. The amounts of Plaintiff's reasonable and necessary medical expenses may change as more information becomes available from Plaintiff's medical providers.

56. At all times leading up to and including *the Wreck*, Plaintiff exercised that degree of care which is used by ordinarily careful people under the same or similar circumstances.

## COUNT I
## *KING'S WAY'S* NEGLIGENT HIRING, TRAINING, ENTRUSTMENT, RETENTION AND MAINTENANCE

57. All preceding statements of Plaintiff's complaint are incorporated herein and re-alleged as if expressly set forth herein.

58. Defendant *King's Way,* as the registered owner of the *King's Way Tractor Truck and Trailer*, a commercial motor vehicle, has a duty to ensure that any driver of *King's Way Tractor Truck and Trailer* is qualified to drive a commercial motor vehicle.

59. Defendant *King's Way* failed to ensure that Defendant *Loyola* was qualified to drive *King's Way Tractor Truck and Trailer*, a commercial motor vehicle.

60. Defendant *King's Way* violated the following Federal Motor Carrier Safety Regulations, which constitutes negligence *per se*, including but not limited to:

a.  § 390: General

b. § 391: Qualifications of Drivers

c. § 392: Driving of Commercial Motor Vehicles

d. § 393: Parts and Accessories Necessary for Safe Operation

e. § 395: Hours of Service of Drivers

f. § 396: Inspection, Repair, and Maintenance

61. Defendant *King's Way* violated the Georgia Motor Carrier Safety Regulations, which constitutes negligence *per se*.

62. Defendant *King's Way* had a duty to train Defendant *Loyola* so that he was able to understand and obey the rules and regulations contained in the FMCSR.

63. Defendant *King's Way* failed to train Defendant *Loyola* so that he was able to understand and obey the rules and regulations contained in the FMCSR.

64. Defendant *King's Way* was negligent in:

a. Hiring and/or contracting with Defendant *Loyola* to drive the *King's Way Tractor Truck and Trailer*;

b. Hiring and/or contracting with Defendant *First Time* to drive the *King's Way Tractor Truck and Trailer*;

c. Failing to conduct proper and required checks on the background of

its employee, Defendant *Loyola*;

d. Failing to conduct proper and required checks on the background of its employee, Defendant *First Time*;

e. Failing to exercise ordinary care to determine Defendant *Loyola*'s fitness for driving a commercial motor vehicle in interstate commerce.

f. Failing to exercise ordinary care to determine Defendant *First Time*'s fitness for driving a commercial motor vehicle in interstate commerce.

g. Failing to train Defendant *Loyola* on the FMCSR and Commercial Driver's Manual;

h. Failing to train Defendant *First Time* on the FMCSR and Commercial Driver's Manual;

i. Failing to train Defendant *Loyola* to properly drive *King's Way Tractor Truck and Trailer*;

j. Failing to train Defendant *First Time* to properly drive *King's Way Tractor Truck and Trailer*;

k. Retaining Defendant *Loyola* to drive *King's Way Tractor Truck and Trailer*;

l. Retaining Defendant *First Time* to drive *King's Way Tractor Truck and Trailer*;

m. Failing to supervise Defendant *Loyola* while Defendant *Loyola* was driving *King's Way Tractor Truck and Trailer*;

n. Failing to supervise Defendant *First Time* while Defendant *First Time* was driving *King's Way Tractor Truck and Trailer*;

o. Entrusting Defendant *Loyola* with *King's Way Tractor Truck and Trailer*;

p. Entrusting Defendant *First Time* with *King's Way Tractor Truck and Trailer*; and

q. Failing to safely maintain *King's Way Tractor Truck and Trailer*.

65. Defendant *King's Way* had a duty to promulgate and enforce rules and regulations to ensure its drivers and commercial motor vehicles were reasonably safe.

66. Defendant *King's Way* failed to promulgate and enforce rules and regulations to ensure its drivers and commercial motor vehicles were reasonably safe.

67. Defendant *King's Way*'s negligence proximately caused *the Wreck*.

68. Defendant *King's Way* negligence proximately caused Plaintiff Freddie Cagle to incur past, present, and future medical expenses for his injuries.

69. Defendant *King's Way* negligence proximately caused Plaintiff Freddie Cagle to endure past, present, and future pain and suffering.

70. Defendant *King's Way* negligence proximately caused Plaintiff Freddie Cagle to suffer economic and non-economic losses.

## COUNT II
## *FIRST TIME*'S NEGLIGENT HIRING, TRAINING, ENTRUSTMENT, RETENTION AND MAINTENANCE

71. All preceding statements of Plaintiff's complaint are incorporated herein and re-alleged as if expressly set forth herein.

72. Defendant *First Time* was the registered owner of U.S. DOT number 3180047, displayed on *King's Way's Tractor*, which was involved in *the Wreck*, and has a duty to ensure any driver operating a commercial motor vehicle under its U.S. DOT number is qualified to drive a commercial motor vehicle.

73. Defendant *First Time* failed to ensure that Defendant *Loyola* was qualified to operate *King's Way Tractor Truck and Trailer*, a commercial motor vehicle.

74. Defendant *First Time* violated the following FMCSR, which constitutes negligence *per se*, including but not limited to:

    a.  § 390: General

    b.  § 391: Qualifications of Drivers

    c.  § 392: Driving of Commercial Motor Vehicles

    d.  § 393: Parts and Accessories Necessary for Safe Operation

    e.  § 395: Hours of Service of Drivers

    f.  § 396: Inspection, Repair, and Maintenance

75. Defendant *First Time* violated the Georgia Motor Carrier Safety Regulations, which constitutes negligence *per se*.

76. Defendant *First Time* had a duty to train Defendant *Loyola* so that he was able to understand and obey the rules and regulations contained in the FMCSR.

77. Defendant *First Time* failed to train Defendant *Loyola* so that he was able to understand and obey the rules and regulations contained in the FMCSR.

78. Defendant *First Time* was negligent in:

    a.  Hiring and/or contracting with Defendant *Loyola* to drive the *King's Way Tractor Truck and Trailer*;

    b.  Failing to conduct proper and required checks on the background of its employee, Defendant *Loyola*;

    c. Failing to exercise ordinary care to determine Defendant *Loyola*'s fitness for driving a commercial motor vehicle in interstate commerce.

    d. Failing to train Defendant *Loyola* on the FMCSR and Commercial Driver's Manual;

    e. Failing to train Defendant *Loyola* to properly drive *King's Way Tractor Truck and Trailer*;

    f. Retaining Defendant *Loyola* to drive *King's Way Tractor Truck and Trailer*;

    g. Failing to supervise Defendant *Loyola* while Defendant *Loyola* was driving *King's Way Tractor Truck and Trailer*;

    h. Entrusting Defendant *Loyola* with the *King's Way Tractor Truck and Trailer*; and

    i. Failing to safely maintain *King's Way Tractor Truck and Trailer*.

79. Defendant *First Time* had a duty to promulgate and enforce rules and regulations to ensure its drivers and commercial motor vehicles were reasonably safe.

80. Defendant *First Time* failed to promulgate and enforce rules and regulations to ensure its drivers and commercial motor vehicles were

reasonably safe.

81. Defendant *First Time*'s negligence proximately caused *the Wreck*.

82. Defendant *First Time's* negligence proximately caused Plaintiff Freddie Cagle to incur past, present, and future medical expenses for his injuries.

83. Defendant *First Time's* negligence proximately caused Plaintiff Freddie Cagle to endure past, present, and future pain and suffering.

84. Defendant *First Time's* negligence proximately caused Plaintiff Freddie Cagle to suffer economic and non-economic losses.

## <u>COUNT III</u>
### *LOYOLA*'S NEGLIGENCE

85. All preceding statements of Plaintiff's complaint are incorporated herein and re-alleged as if expressly set forth herein.

86. On July 16, 2019, Defendant *Loyola* had a duty to the public and to Plaintiff Freddie Cagle to exercise ordinary care while driving *King's Way Tractor Truck and Trailer*.

87. On July 16, 2019, Defendant *Loyola* failed to exercise ordinary care while driving *King's Way Tractor Truck and Trailer*.

88. On July 16, 2019, Defendant *Loyola* had a duty to exercise due care required by a professional tractor trailer driver when driving *King's Way Tractor Truck and Trailer*.

Page 17

89. On July 16, 2019, Defendant *Loyola* failed to exercise due care required by a professional tractor trailer driver, under the same or similar circumstances, when driving *King's Way Tractor Truck and Trailer*.

90. On July 16, 2019, Defendant *Loyola* was negligent in the following ways:

    a. Failing to keep his vehicle under control;

    b. Failing to keep a proper lookout;

    c. Failing to timely apply his brakes, alter direction of travel, or take any other appropriate action when he, by the exercise of due and reasonable care, should have seen traffic slowing ahead;

    d. Failing to operate a commercial motor vehicle in a safe and prudent manner in view of the conditions which existed at the time of *the Wreck*; and

    e. Failing to operate *King's Way Tractor Truck and Trailer* in a manner considerate of the safety and lives of the other persons lawfully on the road.

91. Defendant *Loyola's* negligence proximately caused *the Wreck*.

92. On July 16, 2019, Defendant *Loyola* was negligent *per se* in that he was violating one or more of the statutes of the State of Georgia, including but not limited to:

    a. O.C.G.A. § 40-6-49:  Following Too Closely

    b. O.C.G.A. § 40-6-180: Basic Rules

    c. O.C.G.A. § 40-6-241: Drivers to Exercise Due Care

93. Defendant *Loyola* violated one or more of the FMCSR, which constitutes negligence *per se*, including but not limited to:

    a. § 383: Commercial Driver's License Standards

    b. § 390: General

    c. § 391: Qualifications of Drivers

    d. § 392: Driving of Commercial Motor Vehicles

    e. § 393: Parts and Accessories Necessary for Safe Operation

    f. § 395: Hours of Service of Drivers

    g. § 396: Inspection, Repair, and Maintenance

94. Defendant Loyola violated the Georgia Motor Carrier Safety Regulations, which constitutes negligence *per se*.

95. Defendant *Loyola*'s negligence proximately caused Plaintiff Freddie Cagle to incur past, present, and future medical expenses for his injuries.

96. Defendant *Loyola*'s negligence proximately caused Plaintiff Freddie Cagle to endure past, present, and future pain and suffering.

97. Defendant *Loyola*'s negligence proximately caused Plaintiff Freddie Cagle to suffer economic and non-economic losses.

## COUNT IV
## VICARIOUS LIABILITY

98. All preceding statements of Plaintiff's complaint are incorporated herein and re-alleged as if expressly set forth herein

99. On or before July 16, 2019, Defendant *King's Way* entered a leasing agreement with Defendant *First Time* to lease *King's Way Tractor Truck*.

100. On or before July 16, 2019, Defendant *King's Way* entered a leasing agreement with Defendant *First Time* to lease *King's Way Trailer*.

101. Under FMCSR § 376.12(c)(1), Defendant *First Time* assumed complete responsibility for the operation of *King's Way Tractor Truck and Trailer* on July 16, 2019.

102. On July 16, 2019, Defendant *Loyola* was conducting business on behalf of and for the benefit of Defendant *King's Way*.

103. On July 16, 2019, Defendant *Loyola* was acting as an agent, servant, and employee of Defendant *King's Way*, and was operating *King's Way Tractor Truck and Trailer* within the scope and course of his

employment with Defendant *King's Way* and in furtherance of the business of Defendant *King's Way*.

104. Defendant *King's Way* is vicariously liable to Plaintiff Freddie Cagle for the acts of Defendant *Loyola* on July 16, 2019, under the legal doctrines of respondeat superior, imputed negligence, and agency.

105. On July 16, 2019, Defendant *First Time* was conducting business on behalf of and for the benefit of Defendant *King's Way*.

106. On July 16, 2019, Defendant *First Time* was acting as an agent, servant, and employee of Defendant *King's Way*, and was operating *King's Way Tractor Truck and Trailer* within the scope and course of his employment with Defendant *King's Way* and in furtherance of the business of Defendant *King's Way*.

107. Defendant *King's Way* is vicariously liable to Plaintiff Freddie Cagle for the acts of Defendant *First Time* on July 16, 2019, under the legal doctrines of respondeat superior, imputed negligence, and agency.

108. On July 16, 2019, Defendant *Loyola* was conducting business on behalf of and for the benefit of Defendant *First Time*.

109. On July 16, 2019, Defendant *Loyola* was acting as an agent, servant, and employee of Defendant *First Time*, and was operating *King's Way*

*Tractor Truck and Trailer* within the scope and course of his employment with Defendant *First Time* and in furtherance of the business of Defendant *First Time*.

110. Defendant *First Time* is vicariously liable to Plaintiff Freddie Cagle for the acts of Defendant *Loyola* on July 16, 2019, under the legal doctrines of respondeat superior, imputed negligence, and agency.

111. At all times relevant to this action, Defendants *King's Way, First Time* and *Loyola* were acting in a joint enterprise.

112. Defendants *King's Way* and *First Time* are jointly and severally liable for the wrongful acts of Defendant *Loyola*.

## <u>COUNT V</u>
## PUNITIVE DAMAGES

113. All preceding statements of Plaintiff's complaint are incorporated herein and re-alleged as if expressly set forth herein.

114. Under O.C.G.A. § 51-12-5.1, Defendant *King's Way* conduct showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, and Plaintiff Freddie Cagle is entitled to punitive damages against Defendant *King's Way* in an amount sufficient to deter, penalize, and punish Defendant *King's Way* for its conduct.

115. Under O.C.G.A. § 51-12-5.1, Defendant *First Time*'s conduct showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, and Plaintiff Freddie Cagle is entitled to punitive damages against Defendant *First Time* in an amount sufficient to deter, penalize, and punish Defendant *First Time* for its conduct.

116. Under O.C.G.A. § 51-12-5.1, Defendants *Loyola*'s conduct showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, and Plaintiff Freddie Cagle is entitled to punitive damages against Defendant *Loyola* in an amount sufficient to deter, penalize, and punish Defendant *Loyola* for his conduct.

**COUNT VI**
**ATTORNEY'S FEES**

117. The foregoing paragraphs are incorporated by reference as if fully set forth herein.

118. Under O.C.G.A. § 13-6-11, Defendant *King's Way* has acted in bad faith, been stubbornly litigious, and has caused Plaintiff Freddie Cagle unnecessary trouble and expense, and Plaintiff Freddie Cagle is entitled

to receive from Defendant *King's Way* his attorney's fees and other reasonable expenses of litigation.

119. Under O.C.G.A. § 13-6-11, Defendant *First Time* has acted in bad faith, been stubbornly litigious, and has caused Plaintiff Freddie Cagle unnecessary trouble and expense, and Plaintiff Freddie Cagle is entitled to receive from Defendant *First Time* his attorney's fees and other reasonable expenses of litigation.

120. Under O.C.G.A. § 13-6-11, Defendant *Loyola* has acted in bad faith, been stubbornly litigious, and has caused Plaintiff Freddie Cagle unnecessary trouble and expense, and Plaintiff Freddie Cagle is entitled to receive from Defendant *Loyola* his attorney's fees and other reasonable expenses of litigation.

## COUNT VII
## DIRECT ACTION - *WESCO*

121. All preceding statements of Plaintiff's complaint are incorporated herein and re-alleged as if expressly set forth herein.

122. On July 16, 2019, Defendant *First Time* was a "motor carrier," as defined under O.C.G.A. § 40-1-100(12).

123. On July 16, 2019, Defendant *Wesco* insured Defendant *First Time* under a policy of insurance issued by *Wesco* (Policy #WMC1650585-00).

124. Defendant *Wesco* is liable to Plaintiff Freddie Cagle for the acts of Defendant *First Time*, under the provisions of the *Wesco* Policy #WMC1650585-00, and is subject to this "direct action" under O.C.G.A. § 40-1-112(c).

125. Defendant *Wesco* is liable to Plaintiff Freddie Cagle for the acts of Defendant *Loyola*, under the provisions of the *Wesco* Policy #WMC1650585-00, and is subject to this "direct action" under O.C.G.A. § 40-1-112(c).

126. On July 16, 2019, Defendant *First Time* was a "motor carrier" under O.C.G.A. § 40-2-1.

127. Defendant *Wesco* is liable to Plaintiff Freddie Cagle for the acts of Defendant *First Time* under the provisions of the *Wesco* Policy #WMC1650585-00 and is subject to this "direct action" under O.C.G.A. § 40-2-140(d)(4).

128. Defendant *Wesco* is liable to Plaintiff Freddie Cagle for the acts of Defendant *Loyola,* under the provisions of the *Wesco* Policy #WMC1650585-00, and is subject to this "direct action" under O.C.G.A. § 40-2-140(d)(4).

129. Defendant *Wesco* is responsible for any judgment rendered against

Defendant *First Time* and Defendant *Loyola* in this action up to its policy limits of coverage.

**WHEREFORE,** Plaintiff Freddie Cagle demands the following:

(a)   Plaintiff receive a judgment against Defendants *King's Way*, *First Time* and *Loyola* for Plaintiff's past and future medical and other necessary expenses, and for Plaintiff's past and future pain and suffering;

(b)   Plaintiff receive a judgment against Defendants *King's Way*, *First Time* and *Loyola* for punitive damages;

(c)   Plaintiff receive a judgment against Defendants *King's Way*, *First Time* and *Loyola* for Plaintiff's attorney's fees and reasonable expenses of litigation;

(d)   Plaintiff receive a judgment against Defendants *King's Way*, *First Time* and *Loyola* for all other damages allowed by Georgia law;

(e)   Plaintiff receive a judgment against Defendant *Wesco* for any judgement rendered against Defendants *King's Way*, *First Time* and *Loyola* up to its policy limits of coverage;

(f)   Plaintiff receive a jury trial;

(g)   Plaintiff have such other relief as this Court deems just and

proper.

This 5th day of March, 2021.

*s/Mark W. Alexander*
Mark W. Alexander, Esq.
Georgia Bar No. 008930
*malexander@smf-law.com*
Andrew Q. Gould, Esq.
Georgia Bar No. 826368
*agould@smf-law.com*
**Stewart, Melvin, & Frost, LLP**
P. O. Box 3280
Gainesville, GA 30503
(770) 536-0101
(678) 207-2002 (fax)
*s/Danny Ellis*
Danny Ellis, Esq
Georgia Bar No. 924074
danny@truckwreckjustice.com
1419 Market Street
Chattanooga, TN 37402
(423) 265-2020
(423) 265-2025 (fax)
*Counsel for Plaintiff*