**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| FREDDIE CAGLE | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WESCO INSURANCE COMPANY, | ) |
| KING'S WAY USA TRANSPORT, | ) |
| INC., FIRST TIME TRANSPORT, | ) CIVIL ACTION NO.: |
| INC., ISIDRO ALEX LOBAINA | ) 2:1-cv-00052-RWS |
| LOYOLA, OLD REPUBLIC | ) |
| INSURANCE COMPANY, ONE | ) |
| WAY HAULING EXPRESS | ) |
| COMPANY, AC NATIONWIDE | ) |
| TRANSPORT, LLC, ARIEL | ) |
| CALZADA and ISABEL CORDERO, | ) |
| | ) |
|     Defendants. | ) |

## CONSENT MOTION FOR LEAVE TO ADD PARTY DEFENDANTS AND AMEND THE COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

Plaintiff Freddie Cagle and Defendants Wesco Insurance Company, First

Time Transport, Inc. and Isidro Alex Lobaina Loyola move this Court for leave,

pursuant to Federal Rule of Civil Procedure 20, to add One Way Hauling Express

Company ("*One Way*"), AC Nationwide Transport, LLC ("*AC Nationwide*"), Old

Republic Insurance Company ("*Old Republic*"), Ariel Calzada and Isabel Cordero

as party defendants and, pursuant to Federal Rule of Civil Procedure 15(a)(2), to

file an Amendment to the Complaint, and in support, shows the Court the following:

**STATEMENT OF FACTS**

As often occurs with discovery, discovery reveals new parties and new claims. Plaintiff brought this action following injuries he sustained in a wreck involving a tractor truck and trailer. (Doc. 1) On March 5, 2021, Plaintiff originally filed his Complaint against the entities listed in the crash report: Isidro Alex Lobaina Loyola (driver of the tractor truck and trailer), King's Way USA Transport, Inc. ("*King's Way*," owner of tractor truck and trailer), First Time Transport, Inc. ("*First Time*," motor carrier), and Wesco Insurance Company ("*Wesco*," insurer). (Doc. 1). The parties then began discovery.

Plaintiff recently took the tractor truck driver's deposition on June 25, 2021. Defendant Lobaina testified he was employed by Ariel Calzada and/or Isabel Cordero at the time of the wreck. Ariel Calzada and/or Isabel Cordero instructed Defendant Lobaina which tractor truck and trailer to drive at the time of the wreck. Ariel Calzada and/or Isabel Cordero also provided Defendant Lobaina instructions to pick up a load of plastic on the east coast and transport the load to California. Defendant Lobaina was transporting the load of plastic to California at the time of the wreck.

Isabel Cordero and Ariel Calzada are principals and/or officers of Defendant *King's Way*, which is in default, as well as proposed defendants *One Way* and *AC Nationwide*.

Defendant Lobaina produced paychecks from *One Way* for services he provided at the direction of Isabel Cordero and/or Ariel Calzada. Following the wreck, *AC Nationwide* paid the towing company to release the trailer involved in the wreck to *AC Nationwide*.

Defendant Lobaina's deposition testimony revealed Ariel Calzada and Isabel Cordero, and their entities, *One Way* and *AC Nationwide*, knew or should have known about Mr. Lobaina's violations of Federal Motor Carrier Safety Regulations, including 49 C.F.R. § 383.111. Defendant Lobaina testified Ariel Calzada and Isabel Cordero acted as motor carriers and/or brokers.

Ariel Calzada, Isabel Cordero, *One Way* and *AC Nationwide* are additional statutory employers of Defendant Lobaina and/or Defendant *First Time* pursuant to 49 C.F.R. § 390.5, as well as other statutes and regulations. Defendants *King's Way*, *One Way*, *AC Nationwide*, Ariel Calzada and Isabel Cordero committed broker violations of 49 U.S.C. § 14916, adding additional counts against current Defendant *King's Way* and against the proposed defendants *One Way*, *AC Nationwide*, Ariel Calzada and Isabel Cordero.

Finally, at the time of the wreck, *Old Republic* insured *One Way* under a policy of insurance issued by *Old Republic* (Policy #Z-35726), and is subject to a direct action under O.C.G.A. § 40-1-112(c) and O.C.G.A. § 40-2-140(d)(4).

Plaintiff seeks leave to add Ariel Calzada, Isabel Cordero, One Way Hauling Express Company, AC Nationwide Transport, LLC and Old Republic Insurance Company as party defendants and amend the Complaint to further his claims against these additional parties.

## LAW AND ARGUMENT

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed.R.Civ.P. 21. Plaintiff has asserted a right to relief against *One Way*, *AC Nationwide*, *Old Republic*, Ariel Calzada and Isabel Cordero arising out of the same transaction, occurrence, or series of transactions or occurrences, and any question of law or fact are common to all defendants. See Fed.R.Civ.P. 20

Adding *One Way*, *AC Nationwide*, Ariel Calzada and Isabel Cordero as party defendants will not create any additional prejudice, expense or delay. See *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000).

Federal Rule of Civil Procedure 15(a)(2) addresses the amendment of pleadings. The Rule provides that a party may amend its pleading "with the opposing party's written consent." The Rule also provides that "the court should

freely give leave [to amend] when justice so requires." "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182.

Federal Rule of Civil Procedure 15(a)(2) also provides that a party may amend its pleading "with the opposing party's written consent." Plaintiff's counsel has consulted on the motion with counsel for Defendants *First Time*, *Wesco* and Mr. Lobaina, and they have consented to the motion, as illustrated by their signatures below.

**WHEREFORE**, Plaintiff prays that the motion to add *One Way*, *AC Nationwide*, *Old Republic*, Ariel Calzada and Isabel Cordero as defendants in the above-captioned case be granted and that the court enter an order providing as follows:

(a) That One Way Hauling Express Company, AC Nationwide Transport, LLC, Old Republic Insurance Company, Ariel Calzada and Isabel Cordero be added as defendants in the above-captioned case presently pending in this Court;

5

(b) That the Court allow the attached Plaintiff's First Amended Complaint be filed;

(c) That this motion and the Court's order, together with the Plaintiff's First Amended Complaint and all other pleadings in the case, be served upon *One Way*, *AC Nationwide*, *Old Republic*, Ariel Calzada and Isabel Cordero as provided by law;

(d) And that *One Way*, *AC Nationwide*, *Old Republic*, Ariel Calzada and Isabel Cordero file appropriate defensive pleadings within the time provided by law.

This 6th day of July, 2021.

| | |
|---|---|
| /s/ William Allred | /s/ Ben Harbin |
| **William Allred, Esq** | **Brian F. Williams** |
| Georgia Bar No. 00320 | State Bar No. 212511 |
| **Elizabeth G. Howard** | **Benjamin Harbin** |
| Georgia Bar No. 100118 | State Bar No. 568864 |
| Barrickman, Allred & Young, LLC | 900 Circle 75 Parkway |
| 5775 Glenridge Dr, NE, Ste E-100 | Suite 1040 |
| Atlanta, GA 30028 | Atlanta, Georgia 30339 |
| 404-790-0123 [direct] | (770) 953-1710 |
| wsa@bayatl.com | jadelman@wachp.com |
| egh@bayatl.com | bwilliams@wachp.com |
| ***Attorneys for Wesco Insurance Company*** | ***Attorneys for Defendants First Time Transport, Inc. and Isidro Alex Lobaina Loyola*** |
| s/Andrew Gould | s/Danny Ellis |
| **Mark W. Alexander, Esq.** | **Danny Ellis, Esq** |
| Georgia Bar No. 008930 | Georgia Bar No. 924074 |

| | |
|---|---|
| malexander@smf-law.com<br>**Andrew Q. Gould, Esq.**<br>Georgia Bar No. 826368<br>agould@smf-law.com<br>Stewart, Melvin, & Frost, LLP<br>P. O. Box 3280<br>Gainesville, GA 30503<br>(770) 536-0101<br>(678) 207-2002 (fax)<br>***Counsel for Plaintiff*** | danny@truckwreckjustice.com<br>1419 Market Street<br>Chattanooga, TN 37402<br>(423) 265-2020<br>(423) 265-2025 (fax)<br>***Counsel for Plaintiff*** |

## <u>CERTIFICATE OF CONSULTATION</u>

This is to certify that I have had consultation with opposing counsel, who is unopposed to Plaintiff adding Ariel Calzada, Isabel Cordero, One Way Hauling Express Company, AC Nationwide Transport, LLC, and Old Republic Insurance Company as named defendants in this cause of action and filing an Amendment to the Complaint.

CERTIFIED TO THE COURT BY:
*/s/ Andrew Gould*
**ANDREW Q. GOULD**
**ATTORNEY FOR PLAINTIFF**

Date: <u>7/6/2021</u>

8

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Local Rule 5.4.A, I certify that on this date, I served upon the attorneys of record for all parties via email as agreed by all parties in writing under FRCP 5(b)(2)(E) Plaintiff's Consent Motion for Leave to Add Party Defendants and Amend the Complaint and Memorandum of Law in Support.

I further certify that this Certificate of Service of Discovery was prepared in Times New Roman 14pt font and otherwise complies with the Local Rule 5.1 and was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record for all parties.

Respectfully submitted on July 6, 2021.

s/Andrew Q. Gould
**Andrew Q. Gould, Esq.**
Georgia Bar No. 826368
agould@smf-law.com
Stewart, Melvin, & Frost, LLP
P. O. Box 3280
Gainesville, GA 30503
(770) 536-0101
(678) 207-2002 (fax)

Consent Motion for Leave to Add Party
Defendants and Amend the Complaint and
Memorandu-1
\\server18\users\rparson\Clients

9