## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

FREDDIE CAGLE                          )
                                       )
    Plaintiff,                     )
                                       )
v.                                     )
                                       )
WESCO INSURANCE COMPANY,               )
KING'S WAY USA TRANSPORT,              )
INC., FIRST TIME TRANSPORT,            )    CIVIL ACTION NO.:
INC., ISIDRO ALEX LOBAINA              )    2:1-cv-00052-RWS
LOYOLA, OLD REPUBLIC                   )
INSURANCE COMPANY, ONE                 )
WAY HAULING EXPRESS                    )
COMPANY, AC NATIONWIDE                 )
TRANSPORT, LLC, ARIEL                  )
CALZADA and ISABEL CORDERO,            )
                                       )
    Defendants.                    )

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL ON BEHALF OF FREDDIE CAGLE

Plaintiff filed his original Complaint on March 5, 2021. (Doc. 1) Defendants

Isidro Alex Lobaina Loyola and First Time Transport, Inc., responded with Answers

on March 29, 2021. (Doc. 11 & Doc. 12) Defendant Wesco responded with an

Answer on March 30, 2021. (Doc. 15) On June 25, 2021, Plaintiff's counsel took the

deposition of Defendant Lobaina. Based on facts learned during Defendant

Lobaina's deposition, Freddie Cagle amends his complaint to add multiple party

defendants. Accordingly, pursuant to Fed. R. Civ. P. 15(a)(2), Mr. Cagle files this First Amended Complaint and Demand for Jury Trial.

In addition, pursuant to Local Rule 15.1, Mr. Cagle represents that this is an instance where reproduction of the entire pleading would be unduly burdensome on Defendants Wesco Insurance Company, First Time Transport, Inc., and Isidro Alex Lobaina Loyola, as each Defendant would have to answer many of the same allegations that each has already answered. Accordingly, Mr. Cagle incorporates all allegations and provisions of its existing complaint by reference, including all defined terms.

## PARTIES, JURISDICTION AND VENUE

### 131.

Defendant Old Republic Insurance Company ("*Old Republic*") is a foreign insurance company registered with the Georgia Office of Insurance and Safety Fire Commissioner. Defendant *Old Republic* is incorporated or otherwise organized as a business entity in Pennsylvania and has its principal place of business in Pennsylvania.

### 132.

Defendant *Old Republic* has made filings with the Georgia Office of Insurance and Safety Fire Commissioner stating that its registered agent for service of process

First Amended Complaint and Demand for
Jury Trial on Befalf of Freddie Cagl-1
\\server18\users\rparson\Clients
Folders\Cagle X2\Pleadings

Page | 2

is The Prentice-Hall Corporation System, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

### 133.

Defendant *Old Republic* is a citizen of Pennsylvania.

### 134.

Defendant *Old Republic*'s registered agent for service of process is in Gwinnett County, Georgia.

### 135.

Defendant *Old Republic* transacts business throughout Georgia, including counties located within the Gainesville Division of the Northern District of Georgia.

### 136.

Defendant One Way Hauling Express Company ("*One Way*") is incorporated or otherwise organized as a business entity in Florida and has its principal place of business in Florida.

### 137.

Defendant *One Way* has made filings with the Florida Secretary of State's Office stating that its registered agent for service of process is Isabel Cordero.

138.

Defendant *One Way* may be served by serving its registered agent, Isabel Cordero, at 16213 NW 84th Place, Miami Lakes, FL 33016.

139.

Defendant *One Way* is a nonresident of Georgia who may also be served under Georgia's Nonresident Motorist Act, O.C.G.A. § 40-12-1 and O.C.G.A. § 40 1-117.

140.

Defendant AC Nationwide Transport, LLC ("*AC Nationwide*") is incorporated or otherwise organized as a business entity in Florida and has its principal place of business in Florida.

141.

Defendant *AC Nationwide* has made filings with the Florida Secretary of State's Office stating that its registered agent for service of process is Ariel Calzada.

142.

Defendant *AC Nationwide* may be served by serving its registered agent, Ariel Calzada, at 16213 NW 84th Place, Miami Lakes, FL 33016.

143.

Defendant *AC Nationwide* is a nonresident of Georgia who may also be served under Georgia's Nonresident Motorist Act (O.C.G.A. § 40-12-1) and O.C.G.A. § 40-1-117.

144.

Defendant Ariel Calzada is a natural person who is domiciled in Florida at 16213 NW 84th Place, Miami Lakes, FL 33016.

145.

Defendant Ariel Calzada is a nonresident of the state of Georgia who may be served under Georgia's Nonresident Motorist Act, O.C.G.A. § 40-12-1 et seq.

146.

Defendant Isabel Cordero is a natural person who is domiciled in Florida at 16213 NW 84th Place, Miami Lakes, FL 33016.

147.

Defendant Isabel Cordero is a nonresident of the state of Georgia who may be served under Georgia's Nonresident Motorist Act, O.C.G.A. § 40-12-1 et seq.

## GENERAL FACTS

148.

All statements of Plaintiff's original Complaint filed on March 5, 2021 (Doc. 1) and preceding statements of Amended Complaint are incorporated herein and re-alleged as if expressly set forth herein.

149.

The provisions of 49 CFR §§ 301–399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR," are applicable to this case and to Defendant *One Way*, Defendant *AC Nationwide*, Defendant *Calzada* and Defendant *Cordero*.

150.

Defendants *One Way, AC Nationwide, Calzada* and *Cordero* were subject to the FMCSR on July 16, 2019, and at all relevant times prior to that date, either directly or as adopted by Georgia Department of Public Safety under GA ADC 515-16-4-.01.

151.

Defendant *AC Nationwide* is a motor carrier as defined by the FMCSR § 390.5.

152.

Defendant *AC Nationwide* is a lessor of commercial motor vehicles as defined by FMCSR § 376.2.

153.

On July 16, 2019, Defendant *One Way* was a motor carrier as defined by FMCSR § 390.5, registered with the U.S. Department of Transportation under DOT number 2479972.

154.

Defendants *One Way* and *AC Nationwide* are interstate commercial motor carriers based out of Florida.

155.

Defendant *Calzada* exercised control and authority over Defendants *King's Way*, *One Way* and *AC Nationwide*.

156.

Defendant *Cordero* exercised control and authority over Defendants *King's Way*, *One Way* and *AC Nationwide*.

**Defendant *One Way* as Employer of Defendant *Loyola***

157.

On July 16, 2019, Defendant *Loyola* was an employee as defined by FMCSR § 390.5 of Defendant *One Way*, driving *King's Way Tractor Truck and Trailer*.

158.

**Defendant *One Way* as Employer of Defendant *First Time***

On July 16, 2019, Defendant *One Way* was the employer, as defined by FMCSR § 390.5, of Defendant *First Time*.

159.

On July 16, 2019, Defendant *First Time* was the employer, as defined by FMCSR § 390.5, of Defendant *Loyola*.

160.

On July 16, 2019, Defendant *Loyola* was an employee, as defined by FMCSR § 390.5, of Defendant *First Time*.

**Defendant *One Way* as Lessor to Defendant *First Time***

161.

On or before July 16, 2019, as defined by FMCSR §§ 376 et seq., Defendant *One Way* leased *King's Way Tractor Truck and Trailer*, commercial motor vehicles, to Defendant *First Time*.

**Defendant *AC Nationwide* as Employer of Defendant *Loyola***

162.

On July 16, 2019, Defendant *Loyola* was an employee, as defined by FMCSR § 390.5, of Defendant *AC Nationwide*, driving *King's Way Tractor Truck and Trailer*.

163.

**Defendant *AC Nationwide* as Employer of Defendant *First Time***

On July 16, 2019, Defendant *AC Nationwide* was the employer, as defined by FMCSR § 390.5, of Defendant *First Time*.

164.

On July 16, 2019, Defendant *First Time* was the employer, as defined by FMCSR § 390.5, of Defendant *Loyola*.

165.

On July 16, 2019, Defendant *Loyola* was an employee, as defined by FMCSR § 390.5, of Defendant *First Time*.

**Defendant *AC Nationwide* as Lessor to Defendant *First Time***

166.

On or before July 16, 2019, as defined by FMCSR §§ 376 et seq., Defendant *AC Nationwide* leased *King's Way Tractor Truck and Trailer*, commercial motor vehicles, to Defendant *First Time*.

**Defendant *Calzada* as Employer of Defendant *Loyola***

167.

On July 16, 2019, Defendant *Loyola* was an employee, as defined by FMCSR § 390.5, of Defendant *Calzada*, driving *King's Way Tractor Truck and Trailer*.

168.

**Defendant *Calzada* as Employer of Defendant *First Time***

On July 16, 2019, Defendant *Calzada* was the employer, as defined by FMCSR § 390.5, of Defendant *First Time*.

169.

On July 16, 2019, Defendant *First Time* was the employer, as defined by FMCSR § 390.5, of Defendant *Loyola*.

170.

On July 16, 2019, Defendant *Loyola* was an employee, as defined by FMCSR § 390.5, of Defendant *First Time*.

**Defendant *Calzada* as Lessor to Defendant *First Time***

171.

On or before July 16, 2019, as defined by FMCSR §§ 376 et seq., Defendant *Calzada* leased *King's Way Tractor Truck and Trailer*, commercial motor vehicles, to Defendant *First Time*.

**Defendant *Cordero* as Employer of Defendant *Loyola***

172.

On July 16, 2019, Defendant *Loyola* was an employee, as defined by FMCSR § 390.5, of Defendant *Cordero* driving *King's Way Tractor Truck and Trailer*.

**Defendant *Cordero* as Employer of Defendant *First Time***

173.

On July 16, 2019, Defendant *Cordero* was the employer, as defined by FMCSR § 390.5, of Defendant *First Time*.

174.

On July 16, 2019, Defendant *First Time* was the employer, as defined by FMCSR § 390.5, of Defendant *Loyola*.

175.

On July 16, 2019, Defendant *Loyola* was an employee, as defined by FMCSR § 390.5, of Defendant *First Time*.

**Defendant *Cordero* as Lessor to Defendant *First Time***

176.

On or before July 16, 2019, as defined by FMCSR §§ 376 et seq., Defendant *Cordero* leased *King's Way Tractor Truck and Trailer*, commercial motor vehicles, to Defendant *First Time*.

## <u>COUNT VIII</u>
### *ONE WAY*'S NEGLIGENT HIRING, TRAINING, ENTRUSTMENT, RETENTION AND MAINTENANCE

177.

All statements of Plaintiff's original Complaint filed on March 5, 2021 (<u>Doc. 1</u>) and preceding statements of Amended Complaint are incorporated herein and re-alleged as if expressly set forth herein.

178.

Defendant *One Way*, who hired and paid Defendant *Loyola* to drive *King's Way Tractor Truck and Trailer* on July 16, 2019, has a duty to ensure that any driver of *King's Way Tractor Truck and Trailer* is qualified to drive a commercial motor vehicle.

179.

Defendant *One Way* failed to ensure that Defendant *Loyola* was qualified to drive *King's Way Tractor Truck and Trailer*, a commercial motor vehicle.

180.

Defendant *One Way* violated the following Federal Motor Carrier Safety Regulations, which constitutes negligence per se, including but not limited to:

    a.  § 390: General

    b.  § 391: Qualifications of Drivers

    c.  § 392: Driving of Commercial Motor Vehicles

    d.  § 393: Parts and Accessories Necessary for Safe Operation

    e.  § 395: Hours of Service of Drivers

    f.  § 396: Inspection, Repair, and Maintenance

181.

Defendant *One Way* violated the Georgia Motor Carrier Safety Regulations, which constitutes negligence per se.

182.

Defendant *One Way* had a duty to train Defendant *Loyola* so that he was able to understand and obey the rules and regulations contained in the FMCSR.

183.

Defendant *One Way* failed to train Defendant *Loyola* so that he was able to understand and obey the rules and regulations contained in the FMCSR.

184.

Defendant *One Way* was negligent in:

a.  Hiring and/or contracting with Defendant *Loyola* to drive the *King's Way Tractor Truck and Trailer*;

b.  Hiring and/or contracting with Defendant *First Time* to drive the *King's Way Tractor Truck and Trailer*;

c.  Failing to conduct proper and required checks on the background of its employee, Defendant *Loyola*;

d.  Failing to conduct proper and required checks on the background of its employee, Defendant *First Time*;

e.  Failing to exercise ordinary care to determine Defendant *Loyola*'s fitness for driving a commercial motor vehicle in interstate commerce.

f.  Failing to exercise ordinary care to determine Defendant *First Time*'s fitness for driving a commercial motor vehicle in interstate commerce.

g.  Failing to train Defendant *Loyola* on the FMCSR and Commercial Driver's Manual;

h.  Failing to train Defendant *First Time* on the FMCSR and Commercial Driver's Manual;

i.  Failing to train Defendant *Loyola* to properly drive *King's Way Tractor Truck and Trailer*;

j.  Failing to train Defendant *First Time* to properly drive *King's Way Tractor Truck and Trailer*;

k.  Retaining Defendant *Loyola* to drive *King's Way Tractor Truck and Trailer*;

l.  Retaining Defendant *First Time* to drive *King's Way Tractor Truck and Trailer*;

m.  Failing to supervise Defendant *Loyola* while Defendant *Loyola* was driving *King's Way Tractor Truck and Trailer*;

n.  Failing to supervise Defendant *First Time* while Defendant *First Time* was driving *King's Way Tractor Truck and Trailer*;

o.  Entrusting Defendant *Loyola* with *King's Way Tractor Truck and Trailer*;

p.  Entrusting Defendant *First Time* with *King's Way Tractor Truck and Trailer*; and

q.  Failing to safely maintain *King's Way Tractor Truck and Trailer*.

185.

Defendant *One Way* had a duty to promulgate and enforce rules and regulations to ensure its drivers and commercial motor vehicles were reasonably safe.

186.

Defendant *One Way* failed to promulgate and enforce rules and regulations to ensure its drivers and commercial motor vehicles were reasonably safe.

187.

Defendant *One Way*'s negligence proximately caused the Wreck.

188.

Defendant *One Way*'s negligence proximately caused Plaintiff Freddie Cagle to incur past, present, and future medical expenses for his injuries.

189.

Defendant *One Way*'s negligence proximately caused Plaintiff Freddie Cagle to endure past, present, and future pain and suffering.

190.

Defendant *One Way*'s negligence proximately caused Plaintiff Freddie Cagle to suffer economic and non-economic losses.

## COUNT IX
## *AC NATIONWIDE'S* NEGLIGENT HIRING, TRAINING, ENTRUSTMENT, RETENTION AND MAINTENANCE

191.

All statements of Plaintiff's original Complaint filed on March 5, 2021 (Doc. 1) and preceding statements of Amended Complaint are incorporated herein and re-alleged as if expressly set forth herein.

192.

Defendant *AC Nationwide*, who hired and paid Defendant *Loyola* to drive *King's Way Tractor Truck and Trailer* on July 16, 2019, has a duty to ensure that any driver of *King's Way Tractor Truck and Trailer* is qualified to drive a commercial motor vehicle.

193.

Defendant *AC Nationwide* failed to ensure that Defendant *Loyola* was qualified to drive *King's Way Tractor Truck and Trailer*, a commercial motor vehicle.

194.

Defendant *AC Nationwide* violated the following Federal Motor Carrier Safety Regulations, which constitutes negligence per se, including but not limited to:

a.  § 390: General

b.  § 391: Qualifications of Drivers

c.  § 392: Driving of Commercial Motor Vehicles

d.  § 393: Parts and Accessories Necessary for Safe Operation

e.  § 395: Hours of Service of Drivers

f.  § 396: Inspection, Repair, and Maintenance

195.

Defendant *AC Nationwide* violated the Georgia Motor Carrier Safety Regulations, which constitutes negligence per se.

196.

Defendant *AC Nationwide* had a duty to train Defendant *Loyola* so that he was able to understand and obey the rules and regulations contained in the FMCSR.

197.

Defendant *AC Nationwide* failed to train Defendant *Loyola* so that he was able to understand and obey the rules and regulations contained in the FMCSR.

198.

Defendant *AC Nationwide* was negligent in:

a.  Hiring and/or contracting with Defendant *Loyola* to drive the *King's Way Tractor Truck and Trailer*;

b.  Hiring and/or contracting with Defendant *First Time* to drive the *King's Way Tractor Truck and Trailer*;

c.  Failing to conduct proper and required checks on the background of its employee, Defendant *Loyola*;

d.  Failing to conduct proper and required checks on the background of its employee, Defendant *First Time*;

e.  Failing to exercise ordinary care to determine Defendant *Loyola*'s fitness for driving a commercial motor vehicle in interstate commerce.

f.  Failing to exercise ordinary care to determine Defendant *First Time*'s fitness for driving a commercial motor vehicle in interstate commerce.

g.  Failing to train Defendant *Loyola* on the FMCSR and Commercial Driver's Manual;

h.  Failing to train Defendant *First Time* on the FMCSR and Commercial Driver's Manual;

i.  Failing to train Defendant *Loyola* to properly drive *King's Way Tractor Truck and Trailer*;

j.  Failing to train Defendant *First Time* to properly drive *King's Way Tractor Truck and Trailer*;

k.  Retaining Defendant *Loyola* to drive *King's Way Tractor Truck and Trailer*;

l.  Retaining Defendant *First Time* to drive *King's Way Tractor Truck and Trailer*;

m.  Failing to supervise Defendant *Loyola* while Defendant *Loyola* was driving *King's Way Tractor Truck and Trailer*;

n.  Failing to supervise Defendant *First Time* while Defendant *First Time* was driving *King's Way Tractor Truck and Trailer*;

o.  Entrusting Defendant *Loyola* with *King's Way Tractor Truck and Trailer*;

p.  Entrusting Defendant *First Time* with *King's Way Tractor Truck and Trailer*; and

q.  Failing to safely maintain *King's Way Tractor Truck and Trailer*.

199.

Defendant *AC Nationwide* had a duty to promulgate and enforce rules and regulations to ensure its drivers and commercial motor vehicles were reasonably safe.

200.

Defendant *AC Nationwide* failed to promulgate and enforce rules and regulations to ensure its drivers and commercial motor vehicles were reasonably safe.

201.

Defendant *AC Nationwide*'s negligence proximately caused the Wreck.

202.

Defendant *AC Nationwide*'s negligence proximately caused Plaintiff Freddie Cagle to incur past, present, and future medical expenses for his injuries.

203.

Defendant *AC Nationwide*'s negligence proximately caused Plaintiff Freddie Cagle to endure past, present, and future pain and suffering.

204.

Defendant *AC Nationwide*'s negligence proximately caused Plaintiff Freddie Cagle to suffer economic and non-economic losses.

## COUNT X
### *CALZADA'S* NEGLIGENT HIRING, TRAINING, ENTRUSTMENT, RETENTION AND MAINTENANCE

205.

All statements of Plaintiff's original Complaint filed on March 5, 2021 (Doc. 1) and preceding statements of Amended Complaint are incorporated herein and re-alleged as if expressly set forth herein.

206.

Defendant *Calzada*, who hired and paid Defendant *Loyola* to drive *King's Way Tractor Truck and Trailer* on July 16, 2019, has a duty to ensure that any driver of *King's Way Tractor Truck and Trailer* is qualified to drive a commercial motor vehicle.

207.

Defendant *Calzada* failed to ensure that Defendant *Loyola* was qualified to drive *King's Way Tractor Truck and Trailer*, a commercial motor vehicle.

208.

Defendant *Calzada* violated the following Federal Motor Carrier Safety Regulations, which constitutes negligence per se, including but not limited to:

    a.  § 390: General

    b.  § 391: Qualifications of Drivers

    c.  § 392: Driving of Commercial Motor Vehicles

    d.  § 393: Parts and Accessories Necessary for Safe Operation

    e.  § 395: Hours of Service of Drivers

    f.  § 396: Inspection, Repair, and Maintenance

209.

Defendant *Calzada* violated the Georgia Motor Carrier Safety Regulations, which constitutes negligence per se.

210.

Defendant *Calzada* had a duty to train Defendant *Loyola* so that he was able to understand and obey the rules and regulations contained in the FMCSR.

211.

Defendant *Calzada* failed to train Defendant *Loyola* so that he was able to understand and obey the rules and regulations contained in the FMCSR.

212.

Defendant *Calzada* was negligent in:

    a.  Hiring and/or contracting with Defendant *Loyola* to drive the *King's Way Tractor Truck and Trailer*;

    b.  Hiring and/or contracting with Defendant *First Time* to drive the *King's Way Tractor Truck and Trailer*;

c.  Failing to conduct proper and required checks on the background of its employee, Defendant *Loyola*;

d.  Failing to conduct proper and required checks on the background of its employee, Defendant *First Time*;

e.  Failing to exercise ordinary care to determine Defendant *Loyola*'s fitness for driving a commercial motor vehicle in interstate commerce.

f.  Failing to exercise ordinary care to determine Defendant *First Time*'s fitness for driving a commercial motor vehicle in interstate commerce.

g.  Failing to train Defendant *Loyola* on the FMCSR and Commercial Driver's Manual;

h.  Failing to train Defendant *First Time* on the FMCSR and Commercial Driver's Manual;

i.  Failing to train Defendant *Loyola* to properly drive *King's Way Tractor Truck and Trailer*;

j.  Failing to train Defendant *First Time* to properly drive *King's Way Tractor Truck and Trailer*;

k.  Retaining Defendant *Loyola* to drive *King's Way Tractor Truck and Trailer*;

l.  Retaining Defendant *First Time* to drive *King's Way Tractor Truck and Trailer*;

m.  Failing to supervise Defendant *Loyola* while Defendant *Loyola* was driving *King's Way Tractor Truck and Trailer*;

n.  Failing to supervise Defendant *First Time* while Defendant *First Time* was driving *King's Way Tractor Truck and Trailer*;

o.  Entrusting Defendant *Loyola* with *King's Way Tractor Truck and Trailer*;

p.  Entrusting Defendant *First Time* with *King's Way Tractor Truck and Trailer*; and

q.  Failing to safely maintain *King's Way Tractor Truck and Trailer*.

213.

Defendant *Calzada* had a duty to promulgate and enforce rules and regulations to ensure its drivers and commercial motor vehicles were reasonably safe.

214.

Defendant *Calzada* failed to promulgate and enforce rules and regulations to ensure its drivers and commercial motor vehicles were reasonably safe.

215.

Defendant *Calzada*'s negligence proximately caused the Wreck.

216.

Defendant *Calzada*'s negligence proximately caused Plaintiff Freddie Cagle to incur past, present, and future medical expenses for his injuries.

217.

Defendant *Calzada*'s negligence proximately caused Plaintiff Freddie Cagle to endure past, present, and future pain and suffering.

218.

Defendant *Calzada*'s negligence proximately caused Plaintiff Freddie Cagle to suffer economic and non-economic losses.

## COUNT XI
### *CORDERO'S* NEGLIGENT HIRING, TRAINING, ENTRUSTMENT, RETENTION AND MAINTENANCE

219.

All statements of Plaintiff's original Complaint filed on March 5, 2021 (Doc. 1) and preceding statements of Amended Complaint are incorporated herein and re-alleged as if expressly set forth herein.

220.

Defendant *Cordero*, who hired and paid Defendant *Loyola* to drive *King's Way Tractor Truck and Trailer* on July 16, 2019, has a duty to ensure that any driver

of *King's Way Tractor Truck and Trailer* is qualified to drive a commercial motor vehicle.

221.

Defendant *Cordero* failed to ensure that Defendant *Loyola* was qualified to drive *King's Way Tractor Truck and Trailer*, a commercial motor vehicle.

222.

Defendant *Cordero* violated the following Federal Motor Carrier Safety Regulations, which constitutes negligence per se, including but not limited to:

    a.  § 390: General

    b.  § 391: Qualifications of Drivers

    c.  § 392: Driving of Commercial Motor Vehicles

    d.  § 393: Parts and Accessories Necessary for Safe Operation

    e.  § 395: Hours of Service of Drivers

    f.  § 396: Inspection, Repair, and Maintenance

223.

Defendant *Cordero* violated the Georgia Motor Carrier Safety Regulations, which constitutes negligence per se.

224.

Defendant *Cordero* had a duty to train Defendant *Loyola* so that he was able to understand and obey the rules and regulations contained in the FMCSR.

225.

Defendant *Cordero* failed to train Defendant *Loyola* so that he was able to understand and obey the rules and regulations contained in the FMCSR.

226.

Defendant *Cordero* was negligent in:

a.  Hiring and/or contracting with Defendant *Loyola* to drive the *King's Way Tractor Truck and Trailer*;

b.  Hiring and/or contracting with Defendant *First Time* to drive the *King's Way Tractor Truck and Trailer*;

c.  Failing to conduct proper and required checks on the background of its employee, Defendant *Loyola*;

d.  Failing to conduct proper and required checks on the background of its employee, Defendant *First Time*;

e.  Failing to exercise ordinary care to determine Defendant *Loyola*'s fitness for driving a commercial motor vehicle in interstate commerce.

f.  Failing to exercise ordinary care to determine Defendant *First Time*'s fitness for driving a commercial motor vehicle in interstate commerce.

g.  Failing to train Defendant *Loyola* on the FMCSR and Commercial Driver's Manual;

h.  Failing to train Defendant *First Time* on the FMCSR and Commercial Driver's Manual;

i.  Failing to train Defendant *Loyola* to properly drive *King's Way Tractor Truck and Trailer*;

j.  Failing to train Defendant *First Time* to properly drive *King's Way Tractor Truck and Trailer*;

k.  Retaining Defendant *Loyola* to drive *King's Way Tractor Truck and Trailer*;

l.  Retaining Defendant *First Time* to drive *King's Way Tractor Truck and Trailer*;

m. Failing to supervise Defendant *Loyola* while Defendant *Loyola* was driving *King's Way Tractor Truck and Trailer*;

n.  Failing to supervise Defendant *First Time* while Defendant *First Time* was driving *King's Way Tractor Truck and Trailer*;

o.  Entrusting Defendant *Loyola* with *King's Way Tractor Truck and Trailer*;

p.  Entrusting Defendant *First Time* with *King's Way Tractor Truck and Trailer*; and

q.  Failing to safely maintain *King's Way Tractor Truck and Trailer*.

227.

Defendant *Cordero* had a duty to promulgate and enforce rules and regulations to ensure its drivers and commercial motor vehicles were reasonably safe.

228.

Defendant *Cordero* failed to promulgate and enforce rules and regulations to ensure its drivers and commercial motor vehicles were reasonably safe.

229.

Defendant *Cordero*'s negligence proximately caused the Wreck.

230.

Defendant *Cordero*'s negligence proximately caused Plaintiff Freddie Cagle to incur past, present, and future medical expenses for his injuries.

231.

Defendant *Cordero*'s negligence proximately caused Plaintiff Freddie Cagle to endure past, present, and future pain and suffering.

232.

Defendant *Cordero*'s negligence proximately caused Plaintiff Freddie Cagle to suffer economic and non-economic losses.

## COUNT XII
## VICARIOUS LIABILITY

233.

All statements of Plaintiff's original Complaint filed on March 5, 2021 (Doc. 1) and preceding statements of Amended Complaint are incorporated herein and re-alleged as if expressly set forth herein.

234.

On July 16, 2019, Defendant *Loyola* was conducting business on behalf of and for the benefit of Defendant *One Way*.

235.

On July 16, 2019, Defendant *Loyola* was acting as an agent, servant, and employee of Defendant *One Way*, and was operating *King's Way Tractor Truck and Trailer* within the scope and course of his employment with Defendant *One Way* and in furtherance of the business of Defendant *One Way*.

236.

Defendant *One Way* is vicariously liable to Plaintiff Freddie Cagle for the acts of Defendant *Loyola* on July 16, 2019, under the legal doctrines of respondeat superior, imputed negligence, and agency.

237.

On July 16, 2019, Defendant *First Time* was conducting business on behalf of and for the benefit of Defendant *One Way*.

238.

On July 16, 2019, Defendant *First Time* was acting as an agent, servant, and employee of Defendant *One Way*, and was operating *King's Way Tractor Truck and Trailer* within the scope and course of his employment with Defendant *One Way* and in furtherance of the business of Defendant *One Way*.

239.

Defendant *One Way* is vicariously liable to Plaintiff Freddie Cagle for the acts of Defendant *First Time* on July 16, 2019, under the legal doctrines of respondeat superior, imputed negligence, and agency.

240.

On July 16, 2019, Defendant *Loyola* was conducting business on behalf of and for the benefit of Defendants *Calzada* and *Cordero*.

241.

On July 16, 2019, Defendant *Loyola* was acting as an agent, servant, and employee of Defendants *Calzada* and *Cordero*, and was operating *King's Way Tractor Truck and Trailer* within the scope and course of his employment with Defendants *Calzada* and *Cordero* and in furtherance of the business of Defendants *Calzada* and *Cordero*.

242.

Defendants *Calzada* and *Cordero* are vicariously liable to Plaintiff Freddie Cagle for the acts of Defendant *Loyola* on July 16, 2019, under the legal doctrines of respondeat superior, imputed negligence, and agency.

243.

At all times relevant to this action, Defendants *King's Way*, *First Time*, *One Way*, *AC Nationwide*, *Calzada, Cordero* and *Loyola* were acting in a joint enterprise.

244.

Defendants *King's Way*, *First Time*, *One Way*, *AC Nationwide*, *Calzada* and *Cordero* are jointly and severally liable for the wrongful acts of Defendant *Loyola*.

## COUNT XIII
## ILLEGAL BROKERING – *ONE WAY*

245.

All statements of Plaintiff's original Complaint filed on March 5, 2021 (Doc. 1) and preceding statements of Amended Complaint are incorporated herein and re-alleged as if expressly set forth herein.

246.

Defendant *One Way* contracted and arranged the transportation of property by an authorized motor carrier, Defendant *First Time*.

247.

Defendant *One Way* was not an authorized broker.

248.

Defendant *One Way* did not have a bond on file with the Federal Motor Carrier Safety Administration.

249.

Because Defendant *One Way* was not an authorized broker, Defendant *One Way* violated 49 U.S.C. § 14916, and is liable to Plaintiff Mr. Cagle for all valid claims incurred without regard to amount.

## COUNT XIV
## ILLEGAL BROKERING – *KING'S WAY*

250.

All statements of Plaintiff's original Complaint filed on March 5, 2021 (Doc. 1) and preceding statements of Amended Complaint are incorporated herein and re-alleged as if expressly set forth herein.

251.

Defendant *King's Way* contracted and arranged the transportation of property by an authorized motor carrier, Defendant *First Time*.

252.

Defendant *King's Way* was not an authorized broker.

253.

Defendant *King's Way* did not have a bond on file with the Federal Motor Carrier Safety Administration.

254.

Because Defendant *King's Way* was not an authorized broker, Defendant King's Way violated 49 U.S.C. § 14916, and is liable to Plaintiff Mr. Cagle for all valid claims incurred without regard to amount.

## COUNT XV
### ILLEGAL BROKERING – *AC NATIONWIDE*

255.

All statements of Plaintiff's original Complaint filed on March 5, 2021 (Doc.
1) and preceding statements of Amended Complaint are incorporated herein and re-
alleged as if expressly set forth herein.

256.

Defendant *AC Nationwide* contracted and arranged the transportation of
property by an authorized motor carrier, Defendant *First Time*.

257.

Defendant *AC Nationwide* was not an authorized broker.

258.

Defendant *AC Nationwide* did not have a bond on file with the Federal Motor
Carrier Safety Administration.

259.

Because Defendant *AC Nationwide* was not an authorized broker, Defendant
*One Way* violated 49 U.S.C. § 14916, and is liable to Plaintiff Mr. Cagle for all valid
claims incurred without regard to amount.

260.

Defendant *Calzada* is an individual officer, director, and/or principal of Defendants *One Way*, *King's Way* and *AC Nationwide*.

261.

Defendant *Cordero* is an individual officer, director, and/or principal of Defendants *One Way*, *King's Way* and *AC Nationwide*.

262.

Being individual officers, directors, and/or principals of Defendants *One Way*, *King's Way* and *AC Nationwide*, Defendants *Calzada* and *Cordero* are jointly and severally to Plaintiff Mr. Cagle for all valid claims incurred without regard to amount.

## <u>COUNT XVI</u>
## DOUBLE BROKERING – *KING'S WAY*

263.

All statements of Plaintiff's original Complaint filed on March 5, 2021 (Doc. 1) and preceding statements of Amended Complaint are incorporated herein and re-alleged as if expressly set forth herein.

264.

Defendant *King's Way* accepted the load being hauled at the time of *the Wreck* as a motor carrier.

265.

Defendant *King's Way* brokered the load being hauled at the time of *the Wreck* to Defendant *First Time*, in violation of 49 CFR 371.7.

266.

As a result of double brokering the load, Defendant *King's Way* is responsible for the negligent actions of Defendant *Loyola*.

## COUNT XVII
## DOUBLE BROKERING – *ONE WAY*

267.

All statements of Plaintiff's original Complaint filed on March 5, 2021 (Doc. 1) and preceding statements of Amended Complaint are incorporated herein and re-alleged as if expressly set forth herein.

268.

Defendant *One Way* accepted the load being hauled at the time of *the Wreck* as a motor carrier.

269.

Defendant *One Way* brokered the load being hauled at the time of *the Wreck* to Defendant *First Time*, in violation of 49 CFR 371.7.

270.

As a result of double brokering the load, Defendant *One Way* is responsible for the negligent acts of Defendant *Loyola*.

## COUNT XVIII
## DOUBLE BROKERING – *AC NATIONWIDE*

271.

All statements of Plaintiff's original Complaint filed on March 5, 2021 (Doc. 1) and preceding statements of Amended Complaint are incorporated herein and re-alleged as if expressly set forth herein.

272.

Defendant *AC Nationwide* accepted the load being hauled at the time of *the Wreck* as a motor carrier.

273.

Defendant *AC Nationwide* brokered the load being hauled at the time of *the Wreck* to Defendant *First Time*, in violation of 49 CFR 371.7.

274.

As a result of double brokering the load, Defendant *AC Nationwide* is responsible for the negligent acts of Defendant *Loyola*.

275.

As a result, Defendant *AC Nationwide* is liable for the negligent acts of Defendant *Loyola* at the time of *the Wreck*.

## COUNT XIX
## PUNITIVE DAMAGES

276.

All statements of Plaintiff's original Complaint filed on March 5, 2021 (Doc. 1) and preceding statements of Amended Complaint are incorporated herein and re-alleged as if expressly set forth herein.

277.

Under O.C.G.A. § 51-12-5.1, Defendant *One Way*'s conduct showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, and Plaintiff Freddie Cagle is entitled to punitive damages against Defendant *One Way* in an amount sufficient to deter, penalize, and punish Defendant *One Way* for its conduct.

278.

Under O.C.G.A. § 51-12-5.1, Defendant *AC Nationwide*'s conduct showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, and Plaintiff Freddie Cagle is entitled to punitive damages against Defendant *AC*

*Nationwide* in an amount sufficient to deter, penalize, and punish Defendant *AC Nationwide* for its conduct.

279.

Under O.C.G.A. § 51-12-5.1, Defendant *Calzada*'s conduct showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, and Plaintiff Freddie Cagle is entitled to punitive damages against Defendant *Calzada* in an amount sufficient to deter, penalize, and punish Defendant *Calzada* for his conduct.

280.

Under O.C.G.A. § 51-12-5.1, Defendant *Cordero*'s conduct showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, and Plaintiff Freddie Cagle is entitled to punitive damages against Defendant *Cordero* in an amount sufficient to deter, penalize, and punish Defendant *Cordero* for her conduct.

**COUNT XX**
**ATTORNEY'S FEES**

281.

All statements of Plaintiff's original Complaint filed on March 5, 2021 (Doc. 1) and preceding statements of Amended Complaint are incorporated herein and re-alleged as if expressly set forth herein.

282.

Under O.C.G.A. § 13-6-11, Defendant *One Way* has acted in bad faith, been stubbornly litigious, and has caused Plaintiff Freddie Cagle unnecessary trouble and expense, and Plaintiff Freddie Cagle is entitled to receive from Defendant *One Way* his attorney's fees and other reasonable expenses of litigation.

283.

Under O.C.G.A. § 13-6-11, Defendant *AC Nationwide* has acted in bad faith, been stubbornly litigious, and has caused Plaintiff Freddie Cagle unnecessary trouble and expense, and Plaintiff Freddie Cagle is entitled to receive from Defendant *AC Nationwide* his attorney's fees and other reasonable expenses of litigation.

284.

Under O.C.G.A. § 13-6-11, Defendant *Calzada* has acted in bad faith, been stubbornly litigious, and has caused Plaintiff Freddie Cagle unnecessary trouble and expense, and Plaintiff Freddie Cagle is entitled to receive from Defendant *Calzada* his attorney's fees and other reasonable expenses of litigation.

285.

Under O.C.G.A. § 13-6-11, Defendant *Cordero* has acted in bad faith, been stubbornly litigious, and has caused Plaintiff Freddie Cagle unnecessary trouble and

expense, and Plaintiff Freddie Cagle is entitled to receive from Defendant *Cordero* his attorney's fees and other reasonable expenses of litigation.

## COUNT XXI
## DIRECT ACTION – *OLD REPUBLIC*

286.

All statements of Plaintiff's original Complaint filed on March 5, 2021 (Doc. 1) and preceding statements of Amended Complaint are incorporated herein and re-alleged as if expressly set forth herein.

287.

On July 16, 2019, Defendant *One Way* was a "motor carrier," as defined under O.C.G.A. § 40-1-100(12).

288.

On July 16, 2019, Defendant *Old Republic* insured Defendant *One Way* under a policy of insurance issued by *Old Republic* (Policy #Z-35726) with policy limits of $1,000,000.

289.

Defendant *Old Republic* is liable to Plaintiff Freddie Cagle for the acts of Defendant *One Way*, under the provisions of the *Old Republic* Policy #Z-35726, and is subject to this "direct action" under O.C.G.A. § 40-1-112(c).

290.

Defendant *Old Republic* is liable to Plaintiff Freddie Cagle for the acts of Defendant *Loyola*, under the provisions of the *Old Republic* Policy #Z-35726, and is subject to this "direct action" under O.C.G.A. § 40-1-112(c).

291.

On July 16, 2019, Defendant *One Way* was a "motor carrier" under O.C.G.A. § 40-2-1.

292.

Defendant *Old Republic* is liable to Plaintiff Freddie Cagle for the acts of Defendant *One Way* under the provisions of the *Old Republic* Policy #Z-35726 and is subject to this "direct action" under O.C.G.A. § 40-2-140(d)(4).

293.

Defendant *Old Republic* is liable to Plaintiff Freddie Cagle for the acts of Defendant *Loyola*, under the provisions of the *Old Republic* Policy #Z-35726, and is subject to this "direct action" under O.C.G.A. § 40-2-140(d)(4).

294.

Defendant *Old Republic* is responsible for any judgment rendered against Defendant *One Way* and Defendant *Loyola* in this action up to its policy limits of coverage.

**WHEREFORE**, in addition to the relief demanded in the original Complaint, Plaintiff Freddie Cagle demands the following:

a) Plaintiff receive a judgment against Defendants *One Way*, *AC Nationwide*, *Calzada* and *Cordero* for Plaintiff's past and future medical and other necessary expenses, and for Plaintiff's past and future pain and suffering;

b) Plaintiff receive a judgment against Defendants *One Way*, *AC Nationwide*, *Calzada* and *Cordero* for punitive damages;

c) Plaintiff receive a judgment against Defendants *One Way*, *AC Nationwide*, *Calzada* and *Cordero* for Plaintiff's attorney's fees and reasonable expenses of litigation;

d) Plaintiff receive a judgment against Defendants *One Way*, *AC Nationwide*, *Calzada* and *Cordero* for all other damages allowed by Georgia law;

e) Plaintiff receive a judgment against Defendant *Old Republic* for any judgement rendered against Defendant *One Way* up to its policy limits of coverage;

f) Plaintiff receive a jury trial;

g) Plaintiff have such other relief as this Court deems just and proper.

This 6th day of July, 2021.

s/Mark Alexander
**Mark W. Alexander, Esq.**
Georgia Bar No. 008930
malexander@smf-law.com
**Andrew Q. Gould, Esq.**
Georgia Bar No. 826368
agould@smf-law.com
Stewart, Melvin, & Frost, LLP
P.O. Box 3280
Gainesville, GA 30503
(770) 536-0101
(678) 207-2002 (fax)

s/Danny Ellis
**Danny Ellis, Esq**
Georgia Bar No. 924074
danny@truckwreckjustice.com
1419 Market Street
Chattanooga, TN 37402
(423) 265-2020
(423) 265-2025 (fax)
***Counsel for Plaintiff***